WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Scott Osborne, | No. CV-22-00744-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court are Petitioner's motion for reconsideration (Doc. 17) and Respondent's motion to strike (Doc. 19). For the following reasons, the motion for reconsideration is denied and the motion to strike is granted.

## BACKGROUND

On May 2, 2022, Petitioner filed, through counsel, a petition for habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 1.) Afterward, the Court issued a referral order that provided, among other things, that "Petitioner may file a reply within 30 days from the date of service of the answer." (Doc. 3 at 3-4.)

On June 20, 2022, Respondents filed an answer. (Doc. 7.) No reply was filed by the corresponding July 20, 2022 deadline.

On October 5, 2022, Magistrate Judge Willett issued a 15-page Report and Recommendation ("R&R") recommending that the Petition be denied. (Doc. 8.)

On October 12, 2022, Petitioner filed a motion seeking leave to amend the Petition or file a belated reply. (Doc. 9.)

On October 26, 2022, the Court denied Petitioner's motion, noting that "Petitioner did not provide any rationale establishing excusable neglect to justify filing a belated Reply, nor is there good cause, at this late date, to moot Judge Willett's R&R by permitting amendment of the Petition." (Doc. 16.)

On November 7, 2022, Petitioner filed a motion for reconsideration. (Doc. 17.)

On November 9, 2022, Petitioner timely filed[1] oversized objections to the R&R without seeking leave to exceed the page limitation. (Doc. 18.)

On November 10, 2022, Respondent filed a motion to strike Petitioner's objections for failure to conform to the local rules regarding page limitations. (Doc. 19.)

That same day, Petitioner filed a response to the motion to strike. (Doc. 20.)

**DISCUSSION**

I.     Motion For Reconsideration

Motions for reconsideration are disfavored and should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g). Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

Petitioner has not demonstrated that the Court's October 26, 2022 order, which denied Petitioner's request to belatedly amend the Petition and/or file a belated reply, was manifestly erroneous, nor has Petitioner brought forth new facts or legal authority that could not have been brought to the Court's attention earlier. Petitioner's motion for reconsideration as to amending the Petition repeats, largely verbatim, his original motion. This is inappropriate for a motion for reconsideration and warrants summary denial. The Court further notes that although Petitioner may not be seeking leave to amend "for" undue delay (Doc. 17 at 3)—as in, to deliberately delay this action—there has already *been* undue delay. While it is true that leave to amend should be freely given when justice so requires,

---

[1] Petitioner filed an unopposed motion to extend the deadline to file objections (Doc. 12), which the Court granted. (Doc. 13.)

- 2 -

this latitude does not extend for all perpetuity.  The R&R having already issued, the only appropriate way for Petitioner to proceed is to accept the R&R's conclusion or challenge it via objections.  A motion for leave to amend the Petition is untimely when brought after the R&R has already issued.

As for Petitioner's assertion that excusable neglect justifies the filing of a belated reply, Petitioner should have made this argument in his motion for leave to file a belated reply but failed to do so.  The facts surrounding why the reply was not timely filed were always available to Petitioner; there is no reason why they should be brought to the Court's attention for the first time on a motion for reconsideration.

Furthermore, Petitioner's reply was due "within 30 days from the date of service of the answer." (Doc. 3 at 3-4.)  The answer was filed June 20, 2022, and therefore the reply was due July 20, 2022.  The R&R issued 77 days later, on October 5, 2022.  Petitioner asserts that the Reply "was timely drafted, however, due to a delay in the prison mail system, the draft was not able to be received by Mr. Osborne for his review, and undersigned counsel did not receive his edits required for his approval to file the Reply until the Report and Recommendation had already been filed." (Doc. 17 at 3.)  A delay in the prison mail system that caused the draft not only to be untimely, but to be untimely by over 77 days, is a very serious delay.  Petitioner could have sought an extension of time—ideally before the reply deadline elapsed, but also, with a showing of excusable neglect, at some point during the 77 days between the elapsed deadline and the issuance of the R&R.  Instead, Petitioner did not seek an extension of the lapsed deadline until a week after the R&R issued.  Petitioner gives no reason for waiting so long to seek an extension of the reply deadline other than stating "[i]t was an error." (*Id.*)  Petitioner does not explain what the error *was*.  The Court is well aware that failing to file a motion seeking an extension of a deadline that cannot be met—or has already elapsed—is an "error," but to establish excusable neglect, Petitioner must provide the *reason* for the error.  Petitioner failed to do so in his much-belated motion for leave to file a belated reply and again failed to do so in his motion for reconsideration.

Finally, the Court observes that Plaintiff's failure to file a reply does not affect his potential entitlement to relief in this action. A reply is optional. Although the R&R mentions that Petitioner did not file a reply (Doc. 8 at 6), this statement of fact in no way implies that the absence of a reply affected the analysis.[2]

For these reasons, the motion for reconsideration is denied.

II.   Motion To Strike

Respondent asks the Court to strike Petitioner's objections because they are 5 pages over the 10-page limitation established by LRCiv 7.2(e)(3). (Doc. 19 at 1.) Petitioner's response to the motion to strike doubles as a motion to exceed the page limitation, asserting that "Petitioner believes that the additional five pages are necessary to fully respond to Judge Willet's [sic] Report and Recommendation" and that "considering the complex nature of his case," a 50% increase in the standard page limitation is warranted. (Doc. 20 at 2.) Petitioner notes that his objections were timely filed and asks that his motion to exceed the page limitation likewise be accepted as timely filed. (*Id.*)

Petitioner's objections were timely filed, but his motion to exceed the page limitation was not timely filed. Again, Petitioner has offered no explanation for why he filed significantly oversized objections without *first* seeking leave to do so—or, at the very latest, filing a motion for leave to exceed the page limitation in tandem with his timely filed objections. Having violated the local rules without first seeking leave to do so, an after-the-fact request for leave would—again—need to be accompanied by an explanation establishing excusable neglect. Again, Petitioner offers no such explanation.

At any rate, Petitioner did not explain in his belated motion to exceed the page limitation what makes his case particularly complex, so as to justify deviating from the generally applicable rule. In the absence of any specific explanation justifying expansion

---

[2]   The Court's screening order noted that although the Petition listed all the claims under the heading "Ineffective Assistance of Counsel," that appeared to be in error, and thus the Court directed Respondents to treat the various claims as "stand-alone grounds for relief" unless Petitioner amended the Petition "to clarify the grounds presented." (Doc. 3 at 1 n.1.)  For this clarification to be effective, amendment needed to occur *before* Respondents filed their answer. At any rate, the Court's treatment of the grounds of relief as stand-alone claims construed the Petition in a manner favorable to Petitioner, and his failure to clarify his grounds is not the reason the R&R concludes that his claims fail.

- 4 -

of the page limitation, Petitioner must draft his objections within the page limitation established by LRCiv 7.2(e)(3).

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration (Doc. 17) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's motion to strike (Doc. 19) is **granted**, and to the extent that Petitioner's response (Doc. 20) purports to be a motion to exceed page limitation, it is **denied**.

**IT IS FURTHER ORDERED** that Petitioner shall file objections, not to exceed 10 pages, by **November 28, 2022**.

Dated this 14th day of November, 2022.

Dominic W. Lanza
United States District Judge